```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION

CYNTHIA GRESSETT, et al.,   }
etc.,                       }
                            }
     Plaintiffs,            }      CIVIL ACTION NO.
                            }
v.                          }      CV-01-AR-0215-S
                            }
GOLDOME CREDIT CORPORATION, }
et al.,                     }
                            }
     Defendants.            }
```

FILED 01 MAY 25 PM 2:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 25 2001

## MEMORANDUM OPINION

After studying the file in this case when it first arrived in the mail from Mississippi, after conducting needed oral hearings, after obtaining copies of briefs submitted to the Southern District of Mississippi but not transmitted to this court with the order of transfer, after studying the file some more, after reading and re-reading the briefs, and after doing some research on its own, the court is now ready, for the first time in writing, to reveal its confusion and/or its ignorance, that is, as related to this particular case.

Before ruling upon the separate motions to dismiss filed by defendants, Goldome Credit Corporation ("Goldome"), et al., and before ruling upon plaintiffs' motion for leave to amend their complaint, a brief history is order. The named plaintiffs, Cynthia Gressett, et al., are all resident citizens of states other than Alabama. They filed this suit in the Southern District of Mississippi for themselves and on behalf of a putative class of



persons similarly situated, that is, except for their states of residency, Alabama residents being excluded according to what plaintiffs' counsel tells this court, although this court cannot detect it from the complaint. According to plaintiffs' counsel, revealed for the first time in response to the court's questions during oral argument, the reasons for leaving out Alabamians in the putative class in this case were: (1) that a virtually identical action seeking certification of a class of **all** persons allegedly victimized by these same defendants, no matter where residing, was originally filed in the Circuit Court of Coosa County, Alabama; (2) that the Coosa County court promptly certified the world wide class; (3) that after the Federal Deposit Insurance Corporation became the receiver of Goldome Bank, of which Goldome is a wholly owned subsidiary, the FDIC removed the case to the Middle District of Alabama, which promptly vacated the state court order certifying the class and where the case is still pending without any ruling on the request for class certification, but after a permissive dismissal without prejudice of the action by all of the named non-Alabama plaintiffs, and after an amendment to the complaint describing out the non-Alabama putative plaintiffs. Everything that this court has just stated about the case pending in the Middle District of Alabama is derived from auditory perception during oral argument. The court is relying on hearsay, and sometimes hearsay, even from officers of the court, can be

incorrect or incomplete.

On January 18, 2000, the non-Alabama plaintiffs, who by then had given up the ghost in the Middle District of Alabama, filed this separate action in the Southern District of Mississippi, identical in all material respects to the case in the Middle District of Alabama, except, of course, for the geographical locations of the named plaintiffs.  Jurisdiction was based on the existence of a federal question, because plaintiffs, both in the Middle District of Alabama and in the Southern District of Mississippi, invoked the Racketeer Influenced and Corrupt Organizations Act ("RICO"), alleging a scheme by Goldome, in which the other defendants somehow participated, to rip off new home buyers by using builders as agents to misrepresent the finance charges.  After the complaint had been immaterially amended in the Southern District of Mississippi, after Goldome had answered the amended complaint, and without any earlier objection to venue in that court having been interposed, Goldome on June 7, 2000, suddenly moved to transfer the case to the Northern District of Alabama, where the principal place of business of Goldome, a Delaware corporation, had been located until April 1, 2000, but where Goldome no longer has a business office.  Plaintiffs strenuously objected to the transfer and pointed out in support of their *forum non conveniens* argument that the named plaintiffs include five (5) persons residing within the Southern District of

Mississippi, four (4) residents within the Northern District of Mississippi, one (1) resident within the Western District of Texas, one (1) resident within the Middle District of Georgia, one (1) resident within the District of South Carolina, one (1) resident within the Western District of Tennessee, and **no residents within the Northern District of Alabama.** Furthermore, none of the defendants except Goldome had or have any special connection with the Northern District of Alabama, and none of the other defendants joined in Goldome's motion to transfer. Goldome's only connection with the Northern District of Alabama, besides having a former place of business here, is that some of its former employees, who allegedly may be witnesses, live within the Northern District of Alabama. Insofar as this court can tell, none of them have been deposed. In its motion to transfer, Goldome represented that Dallas, Texas, where what is left of Goldome is now located, is a more convenient forum for Goldome than Hattiesburg, Mississippi, but not as convenient a forum as Birmingham, Alabama. Goldome's president, David M. Bell, in his affidavit filed in support of Goldome's motion to transfer the case to the Northern District of Alabama, said about Goldome's few former employees "whose testimony **may** be needed": "It is my understanding that **most** of these individuals continue to live in the Birmingham area **or in other parts of Alabama**" (emphasis supplied). This court finds it interesting, to say the least, that some of the former employees

4

named in Mr. Bell's affidavit **may not be needed**, and that some of them who may be needed **live in other parts of Alabama**, conceivably within the Middle District of Alabama. On January 5, 2001, the Southern District of Mississippi finally granted Goldome's June 7, 2000 motion to transfer, and sent the case to this court. This court does not know whether the Southern District of Mississippi knew anything about the prior parallel case already pending in the Middle District of Alabama.

This merry-go-round history creates an interesting anomaly. This court has inherited part of a case that started in a state court located in another district in this very state. It has landed on this court's doorstep without the presence of a single plaintiff with an Alabama connection. It was transferred here by a court which admittedly had *in personam* jurisdiction over all defendants, with all similarly situated Alabama resident plaintiffs waiting to see what happens to their identical claims in the Middle District of Alabama. To repeat for emphasis, this court is being asked to certify a class of all non-Alabama residents who allegedly were harmed by exactly the same conduct engaged in by exactly the same defendants, while all similarly situated Alabama plaintiffs await the determination of their fate in another court in this very same state. It is, of course, theoretically possible that the Northern District of Alabama will certify a class, while the Middle District of Alabama will not, or visa versa. If the former

5

possibility should eventuate, all unnamed Alabama residents who are putative class members in the case pending in the Middle District of Alabama and who were allegedly defrauded by defendants, would be the only victims of defendants' alleged misconduct in the whole world who may never have an opportunity to be heard, even vicariously, in any court.

Perhaps the most interesting procedural facts are (1) that Goldome never sought a transfer of the case pending in the Middle District of Alabama to the Northern District of Alabama, and (2) that Goldome never sought a transfer of the case pending in the Southern District of Mississippi to the Middle District of Alabama. The same argument for a transfer of the case from the Middle District of Alabama to the Northern District of Alabama can be made that was made for the transfer of the case from the Southern District of Mississippi to this court.

This court is the only court that has recently retransferred a case to the court that transferred the case to this court. The retransfer order entered by this court in that case, *Triad Systems Financial v. Stewart's Auto Supply*, 47 F. Supp. 2d 1332 (N.D. Ala. 1999), was occasioned by "impelling and unusual circumstances", perhaps more impelling and more unusual than the circumstances in the instant case, although the circumstances in this case can fairly be described as impelling and unusual, if not bizarre. It might make more sense to transfer this case to the Middle District

6

of Alabama, where it started its federal court journey, than to retransfer it to the Southern District of Mississippi. But neither plaintiffs nor defendants have sought such a transfer. Thus, it would appear that this court is stuck with the case, that is, unless and until it is surely appealed to the Eleventh Circuit, which the Southern District of Mississippi opined was better equipped to handle the case than is the Fifth Circuit. If this court could come up with a plausible reason to transfer the case *sua sponte* to the Middle District of Alabama, or, for that matter, to the Western District of Texas, it would do it. The transfer motion filed by Goldome in the Southern District of Mississippi suggested the Western District of Texas as an alternative forum more convenient than the Southern District of Mississippi, if not as convenient as the Northern District of Alabama. This court would prefer the Western District of Texas to the Northern District of Alabama, but no motion has been filed in this court seeking a transfer of the case to Texas, where Goldome is headquartered and where at least one of the named plaintiffs resides. The Southern District of Mississippi took a long time to decide whether the Northern District of Alabama or the Western District of Texas was the preferred transferee court. Unfortunately, this court either won or lost in that troubling decision. Just as unfortunately, try as it might, this court cannot find any persuasive authority to justify an order transferring the case, in its present posture, to

any other court.

The court will take the last item first. After the transfer to this court, plaintiffs moved for leave to amend their complaint to add a count invoking the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"). The court finds that there is no profit for anybody in allowing an amendment, even under the liberality of Rule 15, F.R.Civ.P., if the proposed amendment is subject to immediate dismissal for failure to state a viable claim. Prior to the *sua sponte* en banc re-hearing by the Eleventh Circuit in *Turner v. Beneficial Corporation*, 242 F.3d 1023 (11th Cir.2001), plaintiffs within the Eleventh Circuit could sue for actual damages under TILA without alleging and proving detrimental reliance on the alleged inaccuracy or nondisclosure of pertinent information to the borrower. Plaintiffs in the instant case did not anticipate *Turner*, in which the Eleventh Circuit recently did an "about-face" and created an insurmountable obstacle for plaintiffs who, like these plaintiffs, do not and cannot allege detrimental reliance. Under the circumstances, plaintiffs' motion for leave to amend their complaint will be denied.

This finally brings the court to the most important matter it must rule on, namely, the motions to dismiss filed by the various defendants. Pursuant to Rule 12(b)(6), F.R.Civ.P., each defendant asserts that the amended complaint fails to state a claim upon which relief can be granted. The aspect of the amended complaint

that, in the opinion of this court, is subject to peremptory dismissal, is that aspect that seeks the certification of a class of all of the alleged victims of defendants' fraud and RICO violations. The complaint, when it was filed in the Southern District of Mississippi, and as presently constituted, concludes with the following language:

### Count Five:  Class Relief

60. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

61. Plaintiffs allege there is a class of persons like them in this [Mississippi] and other states who have dealt with Goldome Credit Corporation through its dealers or other wise and who have been defrauded and injured as alleged above. All such persons have been injured as a result of their reliance on written misrepresentations incorporated in standardized loan form documents which were furnished by Goldome to its new home dealers and completed by them in accordance with Goldome's instructions.

62. Plaintiffs allege that the claims of Counts One through Four are appropriate for class treatment under Rule 23(a), Fed.R.Civ.P., in that the requirements of numerosity of class members, commonality of legal and fact questions and typicality of claims predominate, and that plaintiff [sic] will fairly and adequately represent and protect the interests of the class.

63. Plaintiffs further allege that one or more of the prerequisites of Rule 23(b) are also satisfied with respect to risk of inconsistent adjudications, or adjudications which would be dispositive of the claims of other class members not parties, and superiority of class treatment for the fair and efficient adjudication of the controversy.

WHEREFORE, as to each of the above causes of action plaintiffs respectfully demand the following relief for

the class members:

(a) Judgment against the defendants for such sum of compensatory and punitive damages as a jury finds to be reasonable upon the trial of this case, together with the costs of this action.

(b) Such injunctive and other equitable relief as the Court may find to be just and proper, including imposition of a constructive trust on all proceeds or fruits of the defendants' breaches of duty which remain in their hands.

(c) The costs and expenses of this action, together with reasonable attorneys' fees.

Plaintiffs have orally stated to this court that they never intended to include Alabama residents in their class description in the instant case despite their failure to exclude them in their class description above quoted. If the court were considering a request for the certification of a class that did include Alabama residents, the denial of certification of such a class would be quick and simple, but the court will assume that the named plaintiffs never intended to include Alabama residents in the class they want to represent in this court. Therefore, the court will treat the class description as amended to exclude Alabama residents. Construing the complaint thusly, the question becomes whether there appears any realistic possibility that the named plaintiffs can establish all of the requisites for a certification pursuant to Rule 23, F.R.Civ.P.

While this court harbors considerable doubt about plaintiffs' ability to prove that, without any Alabama plaintiffs, they can

fairly and adequately represent a **non-Alabama** class in an Alabama court, an essential requisite of Rule 23(a)(4), the court assumes *arguendo* that all four requisites of Rule 23(a) are, or can be, met. However, in order to certify a class, not only must the named plaintiffs prove the requisites of Rule 23(a), but they must prove the requisites of Rule 23(b)(1), or Rule 23(b)(2) or Rule 23(b)(3), or some combination thereof. In their complaint, plaintiffs simply amalgamate their allegations relating to the alternative requirements of Rule 23(b).

The court cannot accept plaintiffs' less than precise allegations, in terms of Rule 23(b)(1), that there is a risk of inconsistent adjudications or of an adjudication that would be dispositive of the claims of others not before this court. These very plaintiffs formerly were plaintiffs in another Alabama court in case that is still pending. An adjudication in this court quite conceivably could interfere with the rights and/or obligations of parties in that earlier case still pending in Middle District of Alabama, and being handled by the same lawyers on both sides. Plaintiffs are asking this court not to let them step on their own toes. This is too much to ask of this court.

If plaintiffs are relying on Rule 23(b)(2), they run straight into *Murray v. Auslander*, 244 F.3d 807 (11th Cir.2001), because that brand new Eleventh Circuit case holds that a class action cannot be certified under Rule 23(b)(2) if the plaintiffs' claims for money

11

damages predominate over their claims for injunctive or declaratory relief.  This is obviously true of the instant complaint.

Lastly, this court finds that a class cannot be certified under Rule 23(b)(3) because questions of law or fact common to the members of the "would-be" class do not predominate over questions affecting only individual members.  This proposition is akin to the problem addressed by the Eleventh Circuit in *Murray v. Auslander*, but it is somewhat more expansive.  *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir.1998), is the Fifth Circuit opinion which the Eleventh Circuit followed in *Murray v. Auslander*.  Not only did the Fifth Circuit in *Allison* find that a Rule 12(b)(2) class certification was inappropriate in cases where claims for monetary damages predominate over equitable claims, as in the instant case, but held:

> Furthermore, because these claims require individualized proof and determinations, the district court did not err in finding that issues common to the proposed class do not predominate over those affecting only individual plaintiffs and that a class action would not be a fair and efficient method for adjudicating these claims.  The district court did not, therefore, abuse its discretion in denying class certification of these claims under **Rule 23(b)(3)**.

151 F.3d at 426, 427 (emphasis supplied).

This is precisely what this court finds to be true in the instant case if plaintiffs are relying on Rule 12(b)(3).  Furthermore, it appears from the face of the complaint, from the geographic distribution of the putative plaintiff class, and from the

12

admissions made in open court, that, in terms of the inquiries required for a Rule 23(b)(3) certification by Rule 23(b)(3)(B) and (C), that there is duplicative earlier litigation pending in another forum, and that there will be great difficulty in managing a class action in this court when there are no Alabama plaintiffs and cannot be any.

Because Rule 23(c)(1) requires a court to determine "as soon as practicable after the commencement of an action whether it is to be maintained as a class action", and because there is now enough undisputed information available to this court after a year and a half of pendency to make that determination without conducting a full scale class certification hearing, the court will, by separate order, grant defendants' motions to dismiss insofar as plaintiffs' class certification request is concerned, will deny defendants' motions in all other respects, and will require answers to be filed unless plaintiffs timely apply to the Eleventh Circuit pursuant to Rule 23(f) for an appeal from the denial of class certification.

An appropriate separate order will be entered.

DONE this 25th day of May, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE