IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CYNTHIA GRESSETT, et al., }
}
    Plaintiffs, }
}  CIVIL ACTION NO.
v. }
}  CV-01-AR-0215-S
GOLDOME CREDIT CORPORATION, }
et al., }
}
    Defendants. }
}

**ENTERED JUL 20 2001**

## MEMORANDUM OPINION

Plaintiffs have moved for an alteration to or an amendment of the order entered on May 25, 2001, as supplemented on May 29, 2001, insofar as the said order denied plaintiffs' request for class certification under Rule 23, F.R.Civ.P.

The opposition filed by defendant, Goldome Credit Corporation, lists "Mary L. Riche, Federal Deposit Insurance Corporation, Dallas Regional Office, Legal Division, 1920 Pacific Avenue, Room 13002, Dallas, Texas 75201" as one of "Attorneys for Defendant". The court cannot help but wonder out loud at least three things: (1) why Ms. Riche has not sought permission to appear *pro hac vice* on behalf of Goldome and has not filed an appearance on its behalf; (2) why no one suggests F.D.I.C. to be an indispensable party defendant; and (3) why F.D.I.C., which is obviously a real party-in-interest and is actually in charge of defending Goldome, did not press for a transfer of the case from Mississippi to Texas, where the F.D.I.C.'s regional office is located, instead of to Alabama,



where F.D.I.C. has no regional office. The court will treat these three questions as purely academic ones.

The parties seemingly are in full agreement that the Northern District of Alabama is a "hunky dory" forum despite the absence of any defendant here and the absence of any activity here out of which any of plaintiffs' claims arose. As anomalous as this situation is, the court cannot transfer a case to a more appropriate forum for *forum non conveniens* reasons when the question has not been raised. The court supposes that if the case had been transferred from Mississippi to Alaska and no one objected, the same principle would apply.

Since May 29, 2001, the parties have further enlightened the court about similar or overlapping litigation that preceded this case. Nothing learned from this new material, however, provides a reason for this court to change its mind on the Rule 23 issues. In fact, the assumed procedural facts upon which this court's conclusions were based, insofar as those facts are pertinent to the class certification question, were correct.

There is one material fact now available to this court that was not available on May 29, 2001, namely, the opinion rendered on May 31, 2001, by Magistrate Judge John Carroll in *Castlebury v. Goldome Credit Corporation*, CV-96-C-1798-N, in the Middle District of Alabama. Judge Carroll's persuasive opinion almost makes this court want to rethink the questions presented by defendants'

2

motions to dismiss which this court have denied.

The court assumes that counsel for plaintiffs in *Castlebury v. Goldome*, who are also counsel for plaintiffs in the instant case, have applied for reconsideration by Judge Carroll and are telling him the same thing they are telling this court, namely: "The issue is the mindset of this Court, and its sense of right and wrong". This court is prideful enough of the federal judicial system to think that Judge Carroll could be "wrong", in the sense of being "mistaken", without having lost his "sense of right and wrong".

To borrow a few further words from plaintiffs' motion, the court admits that to the extent it has not had a "change of heart", it is still "unwilling to protect the rights of the class". Accordingly, plaintiffs' motion to alter or amend will be denied by separate order.

DONE this 20th day of July, 2001.

　　　　　　　　　　　　　　　　　／s／ William M. Acker
　　　　　　　　　　　　　　　　　WILLIAM M. ACKER, JR.
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE